# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ricardo Gaytan Soto and<br>Marisol Gaytan Soto, | Case No. 0:17-cv-124-JRT-KMM |
| Plaintiffs, | |
| v. | **ORDER** |
| Swift Transportation Services, LLC, and<br>Anthony Shealey, | |
| Defendants. | |

Brian E. Wojtalewicz, Wojtalewicz Law Firm, Ltd., PO Box 123, Appleton, MN, 56208, counsel for plaintiffs

Brian A. Wood, Matthew D. Sloneker, Michael Thomas Burke, Lind Jensen Sullivan & Peterson, PA, 901 Marquette Ave. S., Suite 1300, Minneapolis, MN, 55402, counsel for defendants

      This matter is before the Court on the plaintiffs' Motion to Compel Surreptitious Surveillance and Early Adjuster Scene Investigation Information. ECF No. 66. Plaintiffs Ricardo and Marisol Gaytan Soto ("the Gaytan Sotos") submitted a memorandum and two declarations in support of their motion. Mem. in Supp., ECF No. 68; Second Wojtalewicz Decl., ECF No. 69; R. Gaytan Soto Decl., ECF No. 70. Defendants Swift Transportation Services, LLC and Anthony Shealey (collectively, "Swift") filed a memorandum and an affidavit in opposition to the motion. Mem. in Opp., ECF No. 78; Burke Aff., ECF No. 80.

      The Court ruled on the motion with respect to the surveillance information, but deferred ruling as to the scene investigation information. Ord., ECF No. 81. The Court ordered Swift to supplement the record to establish whether the scene investigation information was prepared in the regular course of business or for purposes of litigation. *Id.* at 4. The parties submitted letters in response to the Court's order, and the Court now considers the remainder of the motion.

The Gaytan Sotos seek "[a]ll information and materials" from an early scene investigation performed by Hendrickson Claim Service or any other Swift representative. Mot. to Compel. The Gaytan Sotos assert that they requested this information through discovery and Swift refused on the basis of the work product doctrine. Second Wojtalewicz Decl. The Gaytan Sotos also seek payment of the attorney fees they incurred in preparing this motion. *Id.*

For the reasons below, the Court finds that Swift has failed to support its claim of work product protection and the documents must therefore be provided to the Gaytan Sotos. However, because the Gaytan Sotos' motion was granted in part and denied in part, the Court declines to award fees.

## ANALYSIS

Swift asserts the work product doctrine in support of its refusal of the Gaytan Sotos' request for early adjuster scene investigation information. Mem. in Opp. at 1. Rule 26 outlines the work product doctrine:

> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
> 
> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

The party asserting a privilege has the burden to prove its applicability. *In re Grand Jury Proceedings*, 655 F.2d 882, 887 (8th Cir. 1981). Whether the party resisting disclosure has established the applicability of the work product doctrine is a question of fact:

> The test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

*Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2024 (1970)). Once the presence of work product material is established, the burden shifts to the requesting party to overcome the protection by showing substantial need and an inability to obtain equivalent evidence without undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii); *Hickman v. Taylor*, 329 U.S. 495, 512, 67 S. Ct. 385, 394 (1947) ("[A] burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order.").

Although Swift asserts that the requested early scene investigation report "contains factual information gathered in anticipation of litigation, and makes reference to [Swift's attorney's] mental impressions, strategies, and legal theories while conducting the investigation," it does not sustain its burden on this point. Mem. in Opp. at 7. Indeed, the Court's March Order provided Swift an opportunity to supplement the record to address this concern after finding the initial record insufficient to support a conclusion as to whether the materials were prepared in anticipation of litigation. Ord. at 4. Swift filed a letter brief to supplement the record, but submitted no new evidence. Swift Letter to Mag. J., ECF No. 83.

In its letter, Swift does no more than "reassert the crux of the arguments set forth in the[] memorandum in opposition" and "aver that the early scene investigation materials, which were put together at the direction of Swift Transportation's former counsel, are protected by the work product doctrine." *Id.* at 1. Swift alleges that counsel who "conducted the entire [early] investigation" was "not hired by Swift

Transportation simply in the regular course of business of investigating an accident." *Id.* at 2. Finally, Swift relies on these argumentative assertions to conclude that the investigation materials are imbued with former counsel's "mental impressions and strategies" and "should not be discoverable simply to satisfy [the Gaytan Sotos'] curiosity." *Id.*

"If a party requesting discovery challenges the sufficiency of the assertion of . . . work-product doctrine, the asserting party may no[] longer rest on its privilege log. Instead, it bears the burden of establishing an evidentiary basis for each element of each privilege/protection claimed." 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2016.1 (3d ed. 1998); *see also Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985) ("[T]he party who claims the benefits of the . . . privilege has the burden of establishing the right to invoke its protection"). And statements of counsel alone do not constitute evidence sufficient to support a claim of work-product protection. *See Travelers Prop. Cas. Co. of Amer. v. Nat'l Union Ins. Co. of Pittsburgh, PA,* No. 250 F.R.D. 421, 425 (W.D. Mo. 2008) (finding that non-evidentiary statements of counsel were "insufficient to establish that the documents were created in anticipation of litigation"). But Swift fails to provide any evidentiary support for its argument.

The record does not contain a privilege log from Swift in support of its assertion of work product protection. Swift did not provide affidavits from corporate representatives to support the assertion that investigations like the one at issue are not completed in the normal course of business, nor did it offer an affidavit to that effect from counsel who allegedly led the investigation. The only record support for Swift's assertion of work product protection is in the form of conclusory arguments posited in Swift's memorandum in opposition to the motion to compel and letter brief following this Court's request for evidentiary support. Indeed, in the absence of evidence demonstrating that such investigations are only done in anticipation of litigation, the Court can readily imagine that investigations would be conducted after serious accidents for non-litigation reasons, including making decisions about whether to discipline an employee, whether to recommend that an insurer pay damages, and whether there is a safety concern with a vehicle that needs to be repaired. These are all aspects of the regular course of business for a trucking company, and Swift has not established that preparation for anticipated litigation rather than any of these possibilities motivated the investigation.

Swift has failed to support its assertion of work product protection as to the requested early adjuster scene investigation information. And the documents are inarguably relevant to the Gaytan Sotos' claims. As a result, Swift must provide the requested early adjuster scene investigation information to the Gaytan Sotos.

**Fees**

Rule 37 provides for payment of expenses related to a motion to compel discovery. Fed. R. Civ. P. 37(a)(5). The Rule contemplates apportionment of reasonable fees where a motion is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C). The related subsections generally provide for fees paid by the "party or deponent whose conduct who necessitated the motion" where the movant prevails, and by the movant where the motion is denied. Fed. R. Civ. P. 37(a)(5)(A),(B). Here, the movant prevailed on half of the motion and did not on the other half. Given the considerations of the earlier subsections of the rule, apportionment results in a zero-sum fee award. The Court therefore declines to provide fees.

## ORDER

**IT IS HEREBY ORDERED THAT** the plaintiffs' Motion to Compel Surreptitious Surveillance and Early Adjuster Scene Investigation Information (**ECF No. 66**) is **GRANTED IN PART** as follows:

1) The Court grants the motion with respect to the plaintiffs' request for early adjuster scene investigation information.
2) The Court denies the motion with respect to the plaintiffs' request for fees.

Date: April 13, 2018

                                            *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States Magistrate Judge